IN THE

# SUPREME COURT of JUDICATURE

OF THE

## STATE OF NEW JERSEY,

### AT NOVEMBER TERM, 1863.

~~~~~~~~~~~~~~

### WILLIAM A. BOWNE ads. TITUS & SCUDDER.

1. A *ca. sa.* cannot be issued pending proceedings under the act to prevent fraudulent trusts and assignments.
2. The plaintiff is a competent witness on an application for a *ca. sa.*
3. It is not sufficient for the commissioner to decide that there was proof, to his satisfaction, that the defendant had rights or credits, moneys or effects, either in his own possession, or in the possession of some other persons; in the words of the act, he should specify by means of which of the several things mentioned, the fraud was committed.
4. A statement, that defendant made certain representations to plaintiffs, and that he had discovered recently they were false, is not sufficient evidence that the debt was fraudulently contracted.
5. The statements made by the defendant, when examined under the trustee act, cannot afterwards be sworn to as evidence of fraud to procure a *ca. sa.*

———

This was an application to set aside a *ca. sa.*, and was argued before HAINES and ELMER, Justices, by *P. D. Vroom*, for defendant, and *A. G. Richey* and *M. Beasley*, for plaintiffs.

ELMER, J. An execution against the goods and lands of the defendant having been returned unsatisfied, application was made to one of the justices of this court, pursuant to the act entitled, " an act to prevent fraudulent trusts and assignments," and an order obtained requiring the debtor to appear, and make discovery on oath concerning his property and

things in action before a commissioner. In obedience to this order he appeared, and was examined at great length. While these proceedings were still depending, and before the examination of the debtor had closed, the affidavit of one of the plaintiffs was presented to another commissioner, and he made an order that a writ of *capias ad satisfaciendum* be issued, which was done, and the defendant, having been arrested, entered into an arrangement with the plaintiffs, paid part of the money, and was discharged.

It is now moved to set aside this writ as irregularly issued.

The main object, if indeed it ought not now to be considered the only legitimate object, of an execution against the body in all ordinary cases of debt, is to compel the defendant to surrender his property of every description for the benefit of his creditors. Besides this remedy, the act before quoted authorizes, in certain cases, a compulsory examination of the debtor under oath, and if a proper case is made, an order forbidding the payment of debts due to him, the transfer of any money, property, or chose in action, and the appointment of a receiver to prosecute, receive, and sue for the property and thing in action of the debtor, or held in trust for him. This is only another mode of obtaining the same result, and in many cases is more certain and direct, and more beneficial to the creditor.

It is true, as urged for the plaintiffs, that the statutes do not in terms forbid the use of both remedies at the same time. But, in my opinion, the two proceedings are so incompatible, that this is necessarily implied. In the case of a *ca. sa.*, the defendant is to be arrested, and may remain in the custody of the sheriff, or may give a bond to take the benefit of the insolvent act, and certainly cannot then be required to appear before a commissioner. When an order is obtained for his examination, it is his duty to attend on the day appointed before the judge or commissioner, and from day to day until the examination is closed, and a refusal to do so will subject him to punishment for a contempt. Until he is discharged, he is a party attending in the course of a

legal proceeding by order of the court, and is privileged from arrest. I am clearly of opinion that a *ca. sa.* cannot be issued by the plaintiff pending the proceedings under the trustee act, and that this writ is irregular, and must for that reason be set aside.

Besides this objection, it is insisted that the proof made before the commissioner who made the order for the *ca. sa.* was not sufficient. He adjudged, as his order states, that proof was made to his satisfaction that the defendant had fraudulently contracted the debt, and also that he had property or rights in action which he fraudulently concealed, and that he had rights or credits, moneys or effects, either in his own possession, or in the possession of some other person or persons to his use, of the value of fifty dollars or over, which he unlawfully and fraudulently refused to apply in the payment of said judgment. The latter part of this order follows the words of the second particular of the second section of the act. *Nix. Dig.* 330.* It is defective in not stating by means of which of the several things mentioned, the commissioner was satisfied he had committed a fraud. An adjudication that a man has done either this or that, is not an adjudication that he has done anything. It is bad, for the same reason that an indictment charging several things in the alternative in the exact words of the statute, and a judgment thereon, are bad for uncertainty. Had the facts justified a decision, that the debtor had property and rights, credits, moneys, and effects, in his own possession, and in the possession of some other person or persons to his use, an adjudication in those words would have been good : but if all these particulars were not proved, the order should have specified which was.

The proof exhibited and filed, as required by the act, does not properly establish fraud in contracting the debt, or in any of the other particulars specified. It consisted of the affidavit of one of the plaintiffs, which, by virtue of the supplement to the act concerning witnesses, approved in 1850, was competent evidence for that purpose.

*Rev., p.* 857, § 58.

That part of this affidavit designed to prove fraud in con-
tracting the debt, sets forth in detail certain representations
made to the said plaintiff, whereby he was induced to trust
the defendant, and then adds, "that he has discovered re-
cently that the said statement of the defendant was absolutely
false," and that he had not done the things and had not the
money he represented.

By the original act to abolish imprisonment for debt,
passed in 1842, proof of certain facts was required to be made
to authorize issuing the writ of *capais ad respondendum*, and
also the writ of *capais ad satisfaciendum*. The proper con-
struction of this act came before this court soon afterwards in
the cases of *Wire* v. *Browning, Spencer* 364 ; *Hill* v. *Hunt, Ib.*
477 ; and *Kip* v. *Chamberlain, Ib.* 656. It was there held,
that although the proceeding was of necessity *ex parte*, the act
required proof by legal and competent evidence, and not the
mere affidavit of the party ; that the depositions must state
facts, and not conclusions of law, as for instance, what the
intent of the debtor was in disposing of his property, and
that the facts sworn to must be such as, standing alone,
would be left to a jury on an issue, as establishing fraud.

The act of 1846, now in force, allowed the parties' own
affidavit upon an application for the *capais ad respondendum*,
but re-enacted the provisions respecting the *ca. sa.* in the same
words. Subsequent acts have authorized the court, or one
of the judges thereof, in cases of orders for the first named
writ, not only to examine in a summary way the legality and
credibility of the original proof, but to take new testimony,
and thereupon to determine whether the writ was properly or
improperly issued. This authority is not extended to cases
of orders for the *ca. sa.*, those being left to the relief that may
be afforded by means of a *habeas corpus*, probably in conse-
quence of the difficulty of interfering otherwise with an arrest
on that writ, which in general satisfies the debt.

The absence of this power, while it affords no reason why
creditors should not be aided in recovering their debts from

persons who, although able to pay, desire to defraud them by all legal proceedings, certainly adds force to the reasons, which in favor of the liberty of the citizen, so carefully guarded by our constitution and laws, require commissioners and judges to be careful, that the salutary provisions of the law are substantially and fully complied with.

The officer making the order for a *ca. sa.* is to decide upon the legality and credibility of the testimony produced, and as fraud is not to be presumed, but must be satisfactorily proved, he ought to be exceedingly careful, especially where only the evidence of the interested party is offered, to see that the facts stated are such as prove the fraud beyond a reasonable doubt.

Proof that the representations made to the plaintiff were, as stated, absolutely false, was in this case indispensable to show fraud in contracting the debt. It is plain from their nature, as set forth in the affidavit, that the witness had no personal knowledge of their truth or falsity. For him to swear, that he had discovered recently that they were absolutely false, was no more proof that they were false, than a man's swearing that the defendant had disposed of his property with intent to defraud his creditors, was proof that such was really his intention. If he had heard the defendant state other facts which had a tendency to prove his former statements to be false, or if he had otherwise become acquainted with other facts, in such a way as made him a competent witness of them, and not a mere retailer of hearsay, which had that tendency, he should have stated those facts, and how they came to his knowledge, and left the commissioner to draw the legal inference. If unable to state any such facts himself, he should have produced the testimony of those who could.

As to the fraud under the second particular, it is attempted to be shown by the plaintiff's oath that he was present at an examination before a commissioner under the act to prevent fraudulent trusts and assignments, and heard him make certain statements, which are detailed at length in the form of

question and answer; and it appears that these are copied from the unfinished examination, commenced before the commissioner upon the order procured by these plaintiffs, and by him reduced to writing. Had this examination been finished, so as to contain the full statements of the party examined, with all the explanations he was entitled to make, without which they ought not to have been used for any purpose, and had the proceedings under the judge's order been entirely closed, I am very clearly of opinion, we could not sanction such a use of these statements. No law authorizes an examination of the defendant, at the instance of the plaintiff, to show him guilty of a fraud that will subject him to imprisonment as a fraudulent debtor. The examination that was commenced, was for the sole purpose of reaching his property by direct proceedings for that specific object. To permit a compulsory examination of a defendant, authorized only for such purpose, to be used for another and wholly inconsistent purpose, seems to me inadmissible.

Inasmuch as it appears that the defendant, when arrested on the *ca. sa.*, arranged as well this debt as other indebtedness with the plaintiffs, and there is much reason to believe his conduct was far from correct, it is insisted, for the plaintiffs, that there is no adequate reason for setting aside a writ which is in fact executed. I think, however, we ought thus to express our disapprobation of a proceeding so irregular.

The case (*Ex parte case, Spencer* 653,) was different. There the defendant made use of his arrest under the *ca. sa.* as a ground of his application for the benefit of the insolvent laws, and was properly held to have waived the irregularity. In my opinion, the writ should be set aside with costs upon the terms that the defendant stipulates, to bring no action on account of any proceedings under it.

HAINES, J., concurred.